■ MARILYN A. SANTAGATO et al., Appellants, v. TOWN OF MALTA et al., Respondents.— Appeal by plaintiffs from an order of Supreme Court, Saratoga County, entered August 5, 1971, which granted defendants' motion for a protective order. The present controversy arises out of an intersection accident between an automobile owned by plaintiff Frank V. Santagato and being operated by his wife, the other plaintiff, and a fire truck owned by the defendant Malta Ridge Volunteer Fire Company, Inc., and being operated by defendant Joseph S. Curcio. Plaintiff driver's action is for personal injuries and the husband's is for property damage and a derivative action for medical expenses and loss of services. Plaintiffs served a notice to examine all members of the defendant volunteer fire company who were on the fire truck or were at the scene of the accident, and all of the officers, agents and employees of the defendant town and defendant volunteer fire company who have any knowledge of any of the facts involved in the action. Defendants moved for a protective order, which Special Term granted, permitting only the examination of the driver of the fire truck and the supervisor of the town. It is significant that the persons plaintiffs seek to examine are representatives of defendant who were witnesses to the accident and at the scene. In our opinion, this is enough to bring them within the broad and liberalized provisions of CPLR 3101 (subd. [a]) requiring a full disclosure by the " officer, director, member, agent or employee of a party". (*Welch* v. *Globe Ind. Co.*, 25 A D 2d 70, 73.) Mindful of the purpose of an examination before trial and the liberality with which the courts now permit disclosure, we conclude that Special Term erred in limiting the examination to the driver of the truck and the Town Supervisor. Consequently, the plaintiff is entitled to examine all members of defendant volunteer fire company who were on the truck or at the scene of the accident. Order modified, on the law, so as to deny a protective order with respect to the examination of all members of defendant volunteer fire company who were on the truck or were at the scene of the accident, and, as so modified, affirmed, with costs. Greenblott, Sweeney, Simons and Reynolds, JJ., concur; Staley, Jr., J. P., not voting.